

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-2006

# Bahamondes v. ITW Mark-Tex Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4746

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Bahamondes v. ITW Mark-Tex Inc" (2006). *2006 Decisions.* Paper 751.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/751

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-4746

_____

JULIO BAHAMONDES,
                                                    Appellant

v.

ITW MARK-TEX INC.; ILLINOIS TOOLS WORKS, INC.;
MARK-TEX CORPORATION; AMERICAN SAFETY TECHNOLOGIES

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 02-cv-03879)
District Judge: Honorable Jose L. Linares

_____

Submitted Under Third Circuit LAR 34.1(a)
on March 27, 2006

Before:  RENDELL, SMITH, and BECKER*, <u>Circuit Judges</u>.

(Filed July 13, 2006)

_____

OPINION OF THE COURT

_____

_____

  *  This case was submitted to the panel of Judges Rendell, Smith and Becker.
     Judge Becker died on May 19, 2006, before the filing of the Opinion.  The
     decision is filed by a quorum of the panel.   28 U.S.C. § 46(d)

RENDELL, Circuit Judge.

Julio Bahamondes brought this case under the New Jersey Law Against Discrimination ("NJLAD"), claiming that ITW Mark-Tex, Inc., Illinois Tool Works, Inc., Mark-Tex Corp., and American Safety Technologies ("AST"), violated the statute by firing him because of his age.[1]  On March 29, 2000, ITW Dymon, "an ITW business unit within the ITW Fluid Product Businesses Group" purchased most of Mark-Tex's assets, and thirteen (13) jobs were eliminated, including Bahamondes' job as batchmaker.  ITW Mark-Tex thereupon outsourced this job to AST and Bahmondes interviewed for, and accepted, the batchmaker position with AST, but quit after one day of working.  After Bahamondes quit, AST temporarily assigned his duties to Acosta, a younger co-worker, but later hired Wallace Young to replace Bahamondes as batchmaker.  Young was only four years younger than Bahamondes.  Bahamondes urged that the various corporate entities were one and the same, and had acted together to discriminate against him.

The District Court granted defendants' motion for summary judgment, determining that Bahamondes failed to establish a prima facie case of age discrimination.  The District Court stated that Bahamondes' theory that there was some kind of "scheme among the separate corporate entities to fire" Bahamondes was unsupported by any evidence in the record that indicated that defendants' actions were "motivated by any type of unlawful

---

[1]This action was originally commenced in state court, but removed to federal court. The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332.  We have appellate jurisdiction over the final order of the District Court pursuant to 28 U.S.C. § 1291.

2

animus or discriminatory intent." App. at 5. Conversely, the court noted that defendants

provided non-discriminatory reasons for eliminating Bahamondes' position. The District

Court ruled that although ITW was the parent company of ITW Mark-Tex and AST, it

had never directly employed Bahamondes. The District Court held that Bahamondes did

not suffer an unlawful employment action because 1) his position at Mark-Tex was

eliminated due to corporate reorganization and 2) Bahamondes voluntarily quit his job at

AST, which, according to the District Court was a separate employment entity from ITW

Mark-Tex. The District Court concluded:

> There appears to be no material issue of fact in dispute that
> ITW, AST and ITW Mark-Tex are in fact different entities for
> the purpose of this lawsuit. Therefore, since there are
> different entities and plaintiff voluntarily quit his job with
> AST after having applied and obtained the job, there is no
> basis upon which plaintiff's cause of action can stand.
>
> It is clear that the reason that the plaintiff lost his position as
> batch maker with AST is because he voluntarily left that
> position. It is also undisputed based on the facts, as I see
> them, that the two divisions are separate employers for the
> purpose of this lawsuit, and that plaintiff did not work at ITW.
> Therefore, for the reasons stated, I am granting the
> defendant's motion for summary judgment and dismissing the
> plaintiff's case.

App. at 10.

Having examined the record in light of applicable law, we find no error in the

District Court's grant of summary judgment. Accordingly, we will AFFIRM the Order of

the District Court.

3